UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BROWN EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV1000-DJS |
| ) | |
| JANET SCHNIEDER and MR. HARRISON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 claiming that defendant Harrison violated plaintiff's constitutional rights while he was incarcerated at the St. Louis Community Release Center ("SLCRC"). Now before the Court is defendant Harrison's motion to dismiss for failure to exhaust administrative remedies.[1] Upon careful review of defendant Harrison's motion, the Court will grant defendant's motion and dismiss plaintiff's claims against defendant Harrison.

Plaintiff alleges that he received a conduct violation for failure to be at his assigned place of employment, being "out of bounds," for several hours. Plaintiff argues that his time was computed incorrectly by the reporting officer due to reasons beyond plaintiff's control. Plaintiff further asserts that defendant Harrison, as disciplinary hearing officer, incorrectly found that

---

[1] Defendant Schnieder has already been dismissed from the case.

plaintiff was guilty of the reported misconduct. Plaintiff alleges that defendant Harrison's finding caused him to lose his job and prevented him from attending classes at the University of Missouri-St. Louis.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court will view the facts in the light most favorable to the plaintiff and assume that the allegations contained in the complaint are true. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). "Though pro se complaints are to be construed liberally . . ., they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.")). In the case at bar, plaintiff has failed to exhaust the available administrative remedies and the action will be dismissed under Rule 12(b)(6).

Title 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

2

administrative remedies as are available are exhausted." The exhaustion requirement applies regardless of whether the relief sought by the prisoner is available at the administrative level. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 734 (2001).

However, the Prison Litigation Reform Act's ("PLRA") "exhaustion requirement is not a heightened pleading requirement. This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." Nerness v. Johnson, 401 F.3d 874, 876 (2005) (citations omitted). In his complaint, plaintiff checked the "yes" boxes in response to the questions, "Is there a prisoner grievance procedure at the institution wherein you are incarcerated?" and "Have you presented through this grievance system the facts which are at issue in this complaint?" (Compl. [Doc. #1] at 2-3.) Plaintiff asserts that defendants did not respond to the complaint he filed prior to being released from the SLCRC.

The Court must dismiss plaintiff's case if he has not completely exhausted his administrative remedies prior to filing suit. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). Missouri has a four-step procedure for inmates to internally grieve complaints against the Department of Corrections and its staff, namely: informal resolution, grievance, grievance appeal, and second appeal. Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174

(E.D. Mo. 1998). The grievance procedure is considered fully exhausted after completion of the first appeal. Id.; O'Neal v. Correctional Medical Services, No. 2:05CV47 TIA, 2005 WL 2674944, at *1 (E.D. Mo. Oct. 20, 2005); Parker v. Moore, No. 2:02CV63 CEJ, 2005 WL 2406016, at *1 (E.D. Mo. Sept. 28, 2005).

Defendant Harrison asserts that plaintiff has never filed a grievance on the subject of the instant action. Defendant has attached to his motion a copy of plaintiff's grievance filings accompanied by affidavits attesting to the completeness of the files. Upon review of the grievance filings, none exhausts the administrative remedies with respect to plaintiff's complaint. As plaintiff has not exhausted his administrative remedies, responded to defendant's motion to dismiss, or asserted in his complaint that he filed a grievance appeal, the Court will grant defendant Harrison's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Harrison's motion to dismiss for failure to exhaust administrative remedies [Doc. #14] is granted.

Dated this   29th   day of November, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE