**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **KEITH BROWN EL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV1000-DJS |
| ) | |
| **JANET SCHNIEDER and MR. HARRISON,** ) | |
| ) | |
| Defendants. ) | |

<u>**ORDER**</u>

Pro se plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 claiming that defendant Harrison violated plaintiff's constitutional rights while he was incarcerated at the St. Louis Community Release Center ("SLCRC"). On November 29, 2006, the Court granted defendant Harrison's motion to dismiss for failure to exhaust administrative remedies and dismissed plaintiff's claims after plaintiff failed to timely respond to the motion.[1] While the motion to dismiss had been filed on November 6, 2006, the Court did not receive plaintiff's response until December 4, 2006. The Court granted plaintiff's motion for reconsideration and set aside its order of dismissal of November 29, 2006. Now before the Court is defendant Harrison's fully briefed motion to dismiss [Doc. #13], plaintiff's motion for an offer of proof [Doc. #20], plaintiff's motion to amend his complaint or to initiate settlement proceedings

---

[1] Defendant Schnieder had already been dismissed from the case.

[Doc. #26], and plaintiff's motion for default judgment [Doc. #27].

Plaintiff alleges that he received a conduct violation for failure to be at his assigned place of employment, being "out of bounds," for several hours. Plaintiff argues that his time was computed incorrectly by the reporting officer due to reasons beyond plaintiff's control. Plaintiff further asserts that defendant Harrison, as disciplinary hearing officer, incorrectly found that plaintiff was guilty of the reported misconduct. Plaintiff alleges that defendant Harrison's finding caused him to lose his job and prevented him from attending classes at the University of Missouri-St. Louis.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court will view the facts in the light most favorable to the plaintiff and assume that the allegations contained in the complaint are true. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). "Though pro se complaints are to be construed liberally . . . , they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that

assumes facts that have not been pleaded.")).  In the case at bar, plaintiff has failed to exhaust the available administrative remedies and the action will be dismissed under Rule 12(b)(6).

Title 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement applies regardless of whether the relief sought by the prisoner is available at the administrative level. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 734 (2001).

However, the Prison Litigation Reform Act's ("PLRA") "exhaustion requirement is not a heightened pleading requirement. This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." Nerness v. Johnson, 401 F.3d 874, 876 (2005) (citations omitted).  In his complaint, plaintiff checked the "yes" boxes in response to the questions, "Is there a prisoner grievance procedure at the institution wherein you are incarcerated?" and "Have you presented through this grievance system the facts which are at issue in this complaint?"  (Compl. [Doc. #1] at 2-3.)  Plaintiff asserts that defendants did not respond to the complaint he filed prior to being released from the SLCRC.

The Court must dismiss plaintiff's case if he has not completely exhausted his administrative remedies prior to filing suit. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). Missouri has a four-step procedure for inmates to internally grieve complaints against the Department of Corrections and its staff, namely: informal resolution request, grievance, grievance appeal, and second appeal. Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after completion of the first appeal. Id.; O'Neal v. Correctional Medical Services, No. 2:05CV47 TIA, 2005 WL 2674944, at *1 (E.D. Mo. Oct. 20, 2005); Parker v. Moore, No. 2:02CV63 CEJ, 2005 WL 2406016, at *1 (E.D. Mo. Sept. 28, 2005).

Defendant Harrison asserts that plaintiff has never filed a grievance on the subject of the instant action. Defendant has attached to his motion a copy of plaintiff's grievance filings accompanied by affidavits attesting to the completeness of the files, which begin before January 2003 and extend well into 2006. Upon review of the grievance filings, none exhausts the administrative remedies with respect to plaintiff's complaint. In his affidavit filed in response to the motion to dismiss, plaintiff attests that he filed a grievance around August 2003, was released from confinement weeks later, repeatedly called the SLCRC, and was informed that his grievance had been abandoned because plaintiff did not leave a forwarding address. Plaintiff asserts he was never

4

given a copy of the grievance he filed and thus cannot provide any other support for his assertion, but admits he did not provide a forwarding address. Plaintiff did not further pursue or refile the grievance after being informed that his initial filing had been abandoned.

Consequently, the Court finds that plaintiff has not exhausted his administrative remedies, and will grant defendant Harrison's motion to dismiss. Upon careful consideration, the Court will deny as moot plaintiff's motion for an offer of proof [Doc. #20], plaintiff's motion to amend his complaint or to initiate settlement proceedings [Doc. #26], and plaintiff's motion for default judgment [Doc. #27].

Accordingly,

**IT IS HEREBY ORDERED** that defendant Harrison's motion to dismiss for failure to exhaust administrative remedies [Doc. #14] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for an offer of proof [Doc. #20] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint or to initiate settlement proceedings [Doc. #26] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #27] is denied.

Dated this  1st  day of February, 2007.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE